1  MARTIN D. BERN (State Bar No. 153203)
   martin.bern@mto.com
2  MUNGER, TOLLES & OLSON LLP
   560 Mission Street
3  Twenty-Seventh Floor
   San Francisco, California 94105-2907
4  Telephone:  (415) 512-4000
   Facsimile:   (415) 512-4077
5
   MATTHEW A. MACDONALD (State Bar No. 255269)
6  matthew.macdonald@mto.com
   JORDAN D. SEGALL (State Bar No. 281102)
7  jordan.segall@mto.com
   MUNGER, TOLLES & OLSON LLP
8  355 South Grand Avenue
   Thirty-Fifth Floor
9  Los Angeles, California 90027-1560
   Telephone:  (213) 683-9100
10 Facsimile:   (213) 683-3702

11 Attorneys for Quanex Building Products
   Corp. and Truseal Technologies, Inc.

12

13                    UNITED STATES DISTRICT COURT

14                   SOUTHERN DISTRICT OF CALIFORNIA

15

16 | STARLINE WINDOWS INC. et al.,              | Case No. 3:15-CV-01282-L-WVG
17 |                Plaintiffs,                  | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL THE CONTINUED DEPOSITION OF VITRUM INDUSTRIES LTD. AND FOR SANCTIONS**
18 |        vs.                                  |
19 | QUANEX BUILDING PRODUCTS CORP. et al.,      |
20 |                                             |
21 |                Defendants.                  | *[Filed concurrently with Notice of Motion; Declaration of Matthew A. Macdonald; and Proposed Order]*
22

23                                                Judge: Hon. William V. Gallo
                                                  Date:  None Set
24                                                Time:  None Set
                                                  Dept.: 308
25
                                                  Action Filed:  June 9, 2015
26                                                FAC Filed:     September 17, 2015
                                                  Trial Date:    None Set
27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Vitrum Industries Ltd.'s ("Vitrum") Rule 30(b)(6) witness, Mr. Thomas Martini, was unprepared to testify concerning six noticed topics. Mr. Martini acknowledged that he had done little or nothing to prepare and he was unable to answer even basic questions on these topics. Plaintiff's attempted to assert last minute objections to the noticed topics, then waived those objections and did not bring any motion for protective order to quash any topic. Defendants request that Vitrum be required to produce a prepared witness for deposition and pay all costs associated with that deposition, as well as attorney's fees for this motion.

### I.   FACTUAL BACKGROUND

This case concerns allegedly defective IGUs manufactured by Plaintiff Vitrum, incorporated into windows by Plaintiff Starline Windows Limited ("SWL"), and sold in the United States by Plaintiff Starline Windows Inc. ("SWI"). On April 20, 2016, Defendants served notices for the depositions of all three Plaintiffs. (Macdonald Decl. ¶ 2.) After the parties agreed that the depositions would take place May 18-20, amended deposition notices were served on April 28, 2016. (*Id.* ¶¶ 2-3, Ex. 1.) On May 17, 2016, at 6:21 p.m., the evening before the first deposition was set to begin in Washington State, Plaintiffs served written objections. (*Id.* ¶ 6, Ex. 3.) During the ensuing meet and confer, Plaintiffs' counsel stated that their witnesses would be prepared to testify on "all of Defendants' topics" and that the objections would be "non-issues." (*Id.* ¶ 5, Ex. 2.) Plaintiffs did not contact the Court or seek a protective order seeking to quash any of the Rule 30(b)(6) deposition topics. (*Id.* ¶ 6.)

At the May 20, 2016 deposition of Vitrum, Mr. Martini was not prepared to testify on Topics 30, 31, 35, 40, 46, and 56. The parties have engaged in an extensive meet and confer process which culminated on July 7, 2016, with an agreement that Vitrum would answer written deposition questions on five of the six topics at issue. (*See* Macdonald Decl. ¶¶ 7-17, Ex. 4-11.) To avoid another

deposition on Topic 56, Vitrum agreed to stipulate that it would not offer any testimony in this matter on Topic 56 beyond the answers provided by Mr. Martini at the deposition.  (*Id.* ¶ 18, Ex. 12.)  After Defense counsel circulated the draft stipulation, Plaintiffs retreated from their agreement by (1) imposing a limitation on the number of written questions for the topics, and (2) agreeing only that Vitrum would not offer testimony that "contradicted" answers given by Mr. Martini on Topic 56.  (*Id.* ¶¶ 21-23, Exs. 13-15.).

## II. RULE 30(B)(6) REQUIRES THE DEPONENT TO EDUCATE AND PRODUCE A KNOWLEDGEABLE WITNESS

Companies "have a duty to make a conscientious, good-faith effort to designate knowledgeable persons for Rule 30(b)(6) depositions and to prepare them to fully and unevasively answer questions about the designated subject matter." *Bd. of Trs. of Leland Stanford Junior Univ. v. Tyco Int'l Ltd.*, 253 F.R.D. 524, 526 (C.D. Cal. 2008).  The corporation may "designate more than one deponent if necessary to respond to relevant areas of inquiry on the noticed topics." *Id.* at 538–39.  When a topic calls for detailed facts, "a Rule 30(b)(6) witness can be provided with a written summary of the same information in order to provide testimony on behalf the [entity], without requiring the witness to memorize voluminous facts of which he or she has no personal knowledge." *Ballentine v. Las Vegas Metro. Police Dep't*, No. 14-cv-01584, 2016 WL 3636917, at *2 (D. Nev. July 5, 2016).

If it "becomes apparent during the deposition that the designee produced is unable to respond to relevant areas of inquiry, the responding party has a duty to designate an additional knowledgeable deponent." *Great Am. Ins. Co of N.Y. v. Vegas Constr. Co.*, 251 F.R.D. 534, 540 (D. Nev. 2008).  If a corporation does not do so, an appropriate remedy is to grant a motion to compel a new 30(b)(6) deposition on the topics on which the first witness was unprepared, with attorney's fees and costs borne by the designating party.  *See, e.g.*, *Pioneer Drive, LLC v. Nissan Diesel Am., Inc.*, 262 F.R.D. 552, 560 (D. Mont. 2009) (ordering, as

sanctions for producing unprepared witness, a new Rule 30(b)(6) deposition; travel costs, expenses, and attorney's fees for the new deposition; and costs and attorney's fees in bringing motion to compel).

### III. VITRUM DID NOT MOVE FOR A PROTECTIVE ORDER TO QUASH ANY OF THE RULE 30(B)(6) DEPOSITION TOPICS

"The proper procedure to object to a Rule 30(b)(6) deposition notice is not to serve objections on the opposing party, but to move for a protective order." *Beach Mart, Inc. v. L & L Wings, Inc.*, 302 F.R.D. 396, 406 (E.D.N.C. 2014). A corporate deponent cannot simply make "objections and then provide a witness that will testify only within the scope of its objections." *Id.* If conferring with opposing counsel does not resolve the objections, then moving for a protective order under Rule 26(c) is the only reasonable option. Fed. R. Civ. P. 26(c).

### IV. VITRUM'S CORPORATE DESIGNEE WAS UNPREPARED TO TESTIFY CONCERNING TOPICS 30, 31, 35, 40, 46, AND 56

**Topic 30: The terms of the contracts for the sale of the SUBJECT IGUs between YOU and STARLINE CANADA or STARLINE USA.**

**Topic 31: The terms of all warranties YOU provided with respect to the SUBJECT IGUs.**

With respect to these two related topics, Mr. Martini was not prepared to answer questions about important terms in contracts between Vitrum and Starline. As to the topic of warranties, Mr. Martini testified that Vitrum's "standard warranty" applied to its sales to Starline, but he could not state the terms of the warranty, or verify whether a form downloaded from Vitrum's website was its standard warranty. He had not even reviewed Vitrum's standard warranty in preparation for the deposition. (Macdonald Decl. Ex.16 at 223:2–15, 226:22–229:9, 235:20–236:17.) Similarly, Mr. Martini could not confirm whether Vitrum's terms of sale to Starline limited the remedies that Starline could pursue against Vitrum if the subject IGUs proved defective. (*See id.* Ex. 16 at 228:3-20.)

**Topic 35: The monthly volume of IGUs YOU manufactured using TRUSEAL PIB SEALANT from 1999-2012**.

1   Mr. Martini testified that Vitrum maintained monthly production reports, but
2   that he had not reviewed those reports and was unable to estimate Vitrum's total
3   IGU production during the relevant years.  (Macdonald Decl. Ex. 16 at 72:1–74:25,
4   78:7–21.)  Plaintiffs argue that it was unreasonable for Mr. Martini to calculate and
5   then memorize the requested information, and that Defendants should have provided
6   Mr. Martini with the documents he needed.  (*Id.* Ex. 6 at 2.)  This argument turns
7   Rule 30(b)(6) on its head.  The rule requires the *corporation* to identify the relevant
8   documents from its records and use those documents to *educate* a prepared witness
9   who can state the corporation's knowledge on the topic.

    Moreover, a prepared Rule 30(b)(6) witness is entitled to bring documents
11  and summaries to the deposition to aid in testifying, rendering "memorization"
12  unnecessary.  And while Vitrum suggests that Defendants should have presented
13  Mr. Martini with documentation showing Vitrum's production, that was impossible
14  because such documents, while requested in discovery, had not been produced by
15  Vitrum.  (*Id.* ¶ 25.)

16  **Topic 40: The identity, substance, date, and records of complaints YOU received concerning IGUs or windows at the SUBJECT PROPERTIES (whether or not such complaints concern the performance of TRUSEAL PIB SEALANT).**

19  Mr. Martini was unable to identify the date on which Vitrum first learned of
20  complaints about PIB migration at twelve out of the thirteen properties for which
21  Plaintiffs then sought damages.  (*Id.* Ex. 16 at 176:14–180:20.)  Nor could he testify
22  whether Vitrum had records that would answer that question, admitting that he had
23  not talked to individuals at Vitrum likely to possess this information.  (*Id.*)

24  **Topic 46: The amount and composition of costs YOU incurred in connection with the replacement of IGUs at any of the SUBJECT PROPERTIES.**

27  Mr. Martini testified that he had done nothing to prepare for this topic other
28  than to review a single invoice that Vitrum sent to Starline in 2016—two years after

the IGU replacements had been made—for the purchase of replacement IGUs. (*Id.* at 243:5–10.) Mr. Martini was unable to explain what portion of the invoice price reflected profit for Vitrum; nor could he testify concerning Vitrum's materials costs or labor costs without reference to documents that had not been produced to Defendants. (*Id.* at 239:22–246:4; *id.* Ex. ¶ 25.)

**Topic 56**: **The exchange of purchase orders, order confirmations, and invoices between YOU and DEFENDANTS for the purchase and sale of TRUSEAL PIB SEALANT.**

Mr. Martini testified that he did not review purchase orders, order confirmations, or invoices exchanged between the parties, and could not answer basic questions on this topic. (*See id.* Ex. X at 164:20–173:11.)

## V. CONCLUSION

Defendants request an order that Vitrum produce a Rule 30(b)(6) witness on the six topics for which Mr. Martini was unprepared and bear all costs of the renewed deposition, including court reporting fees, attorney's fees, and travel expenses, as well as fees incurred in bringing this motion.

DATED: July 15, 2016　　　　　　　MUNGER, TOLLES & OLSON LLP

By: _____*/s/ Matthew A. Macdonald*_____
　　　MATTHEW A. MACDONALD
Attorneys for Quanex Building Products
Corporation and Truseal Technologies, Inc.