**HEFFERNAN LAW GROUP PLLC**
Devon M. Thurtle Anderson (SBN 289465)
T. Daniel Heffernan (*Pro Hac Vice, WASBN 17176,*
   *OSBN 090422, NYSBN 5178801)*
1201 Market Street
Kirkland WA 98033
T:  425.284.1150
F:  425.284.1147
E: devon@heffernanlawgroup.com
E: dan@heffernanlawgroup.com

Attorneys for Plaintiffs Starline Windows Inc.,
Starline Windows Ltd., and
Vitrum Industries Ltd.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STARLINE WINDOWS INC., *et al.;*<br><br>     Plaintiffs,<br><br>vs.<br><br>QUANEX BUILDING PRODUCTS CORPORATION, *et al*.;<br><br>     Defendants. | Case No.  3:15-CV-01282-L-WVG<br><br>OPPOSITION TO DEFENDANTS' MOTION TO COMPEL THE CONTINUED DEPOSITION OF VITRUM INDUSTRIES LTD.<br><br>(*Declaration of T. Daniel Heffernan In Opposition to Defendants' Motion to Compel the Continued Deposition of Vitrum Industries Ltd. Filed Concurrently Herewith*)<br><br>Date: None Set<br>Time: None Set<br><br>Demand for Jury Trial<br>Judge: Hon. William V. Gallo<br>Dept: 308 |

## I. INTRODUCTION

Defendants' motion seeks to reopen the deposition of Vitrum's 30(b)(6) witness, Thomas Martini, on the basis that some of his testimony on just 6 of the 57 noticed topics of examination – only 10% - was inadequate.  Given that Defendants' topics broadly related to projects, contracts, and voluminous documentation from five to fifteen years ago, Mr. Martini was well-prepared and his testimony was adequate, especially given Defendants' failure to show Mr. Martini relevant documents at his deposition on topics about which testimony was sought.

## II. FACTUAL BACKGROUND

Nevertheless, in an effort to resolve this issue informally, on June 23 and 24, Plaintiffs suggested that Defendants issue written deposition questions in lieu of seeking to reopen Mr. Martini's deposition on these few topics.  *Decl. of Matthew A. Macdonald ISO Defs.' Mot. to Compel Cont'd. Dep. of Vitrum Indus. Ltd.* ("*Macdonald Decl.*"), Ex. 8.  However, Defendants waited over two weeks and until just a week before the extended discovery cutoff to do so, when on July 8, Defendants agreed to issue written questions on Topics 31, 32, 35, 40, and 46.  *Id.* at Exs. 11 and 12.  Given Defendants' delay, and the July 15 cutoff, no written questions were ever issued by Defendants.  *Decl. of T. Daniel Heffernan in Opp'n. to Defs.' Mot. to Compel Cont'd. Dep. of Vitrum Indus. Ltd.* ("*Heffernan Decl.*") at ¶ 3.  Instead, Defendants unreasonably seek once again to put Plaintiffs to the trouble, travel, and significant expense on extremely short notice, of a further deposition.  The Court should not countenance such tactics.

## III.  LEGAL AUTHORITY

**A. Vitrum Provided Proper Testimony on Topics 30, 31, 35, 40, 46, and 56.**

Topics to be covered in a 30(b)(6) deposition should be described with "reasonable particularity" and should "be limited to a relevant time period and geographic scope." FRCP 30(b)(6); *Young v. United Parcel Serv. of Am., Inc.,* 2010 WL 1346423, *9 (D.Md. Mar. 30, 2010).  Rule 30(b)(6) is not designed to be a memory contest.  *See Bank of New York v. Meridian BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 150 (S.D.N.Y.1997).

Here, Defendants' topics were overly broad, requesting testimony on dozens of routine business transactions which occurred five to fifteen years ago.  Nonetheless, Mr. Martini's testimony was adequate and proper under Rule 30(b)(6).

**1. Topic 30 and 31.**

Regarding Topic 30, Defendants fail to offer any evidence that Mr. Martini was unprepared to testify.  Other than regarding Vitrum's warranty (i.e. Topic 31), Defendants never even questioned Mr. Martini on the terms of such contracts.  Accordingly, no further deposition on Topic 30 should be allowed.

Regarding Topic 31, Mr. Martini testified that Vitrum's standard warranty would apply to Starline Architectural in connection with the IGUs Vitrum supplied to the subject projects.  *Id.*, Ex. A at 235: 20 - 25.  Further, Mr. Martini testified that he did not know of any reason to dispute that the form of warranty shown to him at the deposition was Vitrum's standard warranty at the time.  *Id.*, Ex. A at 228:25 - 229:9.  No other warranty

document was shown to Mr. Martini at his deposition, and he cannot be expected to memorize such documents or provide legal conclusions therefrom.

### 2. **Topic 35.**

Defendants claim Mr. Martini's refusal to speculate as to monthly volumes of IGUs produced fifteen years ago makes his testimony insufficient. Yet, Mr. Martini did provide proper testimony regarding Topic 35, including an estimation of the number of IGUs produced by Vitrum in 2014. *Id.*, Ex. A at 72: 13-16. He also testified that Vitrum has monthly reports of the volume of such production. *Id.*, Ex. A at 74: 4-6. These documents have been produced. *See* VIL0107617. Moreover, there is no document that indicates the volume of IGUs manufactured with TruSeal PIB. *Id.*, Ex. A at 74:7-10. Accordingly, no further deposition of Vitrum on this topic is warranted.[1]

### 3. **Topic 40.**

Mr. Martini testified that Vitrum became aware of PIB migration at Grande North[2] sometime in 2010. *Id.*, Ex. A at 177: 2-5. Mr. Martini is not required to recall exact dates, and his testimony regarding same was entirely proper. Further, Mr. Martini testified that there is no document reflecting when Vitrum was first made aware of PIB migration at every property. *Id.,* Ex. A at 179:22-180:1. Accordingly, testimony regarding such

---

[1] Instead, the projects with Truseal PIB sealant and IGU failures due to defective Truseal PIB sealant will be, and is, properly the subject of expert testimony.
[2] Grande North was the first project to manifest widespread PIB failure.

specific dates would require extensive review and memorization of numerous project files to discern such information. This is not required by Rule 30(b)(6).

### 4. Topic 46.

Mr. Martini properly testified regarding the composition of costs for replacement IGUs, stating that the unit price of an IGU is calculated through an "automated quote program that takes into consideration the size of panels being requested, the glass yield, costs of all products built in, and then a GP is appropriated to that." *Id.*, Ex. A at 240: 3-8. More specific cost data would require review of documentation that was not presented to Mr. Martini at his deposition. Instead, Defendants only showed Mr. Martini a single invoice of the many invoices produced. *Id.*, Ex. A at 231:14-25. As with the other topics, Defendants' counsel did not bother to show Mr. Martini these documents, and instead opted to accept his testimony and move on. Only now, long after the deposition, do Defendants claim his testimony was inadequate.

### 5. Topic 56.

Topic 56 sought information regarding the *exchange* of purchase orders, order confirmations and invoices between Vitrum and Defendants. Mr. Martini properly testified to his relevant knowledge regarding the exchange of Defendants' invoices, including Vitrum's receipt of the limitation of remedies and applicable glazing industry standards regarding such limitations. *Id.*, Ex. A at 174:9 – 175:17. Mr. Martini did not dispute the authenticity of any document shown him, and properly testified adequately as

to all documents provided at his deposition.  No further deposition on this topic is warranted.

**B. Plaintiffs Remain Willing to Answer Written Interrogatories on Topics 30, 31, 35, 40, 46, and 56 in Lieu of a Continued Deposition as Belatedly Agreed to by Defendants.**

Despite the fact that Mr. Martini's testimony was proper and sufficient, in order to avoid further dispute and deposition costs and expenses after the already extended discovery deadline, Plaintiffs remain willing to answer reasonably targeted written interrogatories on Topics 30, 31, 35, 40, 46, and 56.  Given the reasonable needs of the case and Defendants' extensive discovery to date, if any relief is deemed appropriate by the Court, it should be limited to answer of targeted written interrogatories on these topics.

### IV.  CONCLUSION

Defendants bring this motion after the discovery deadline, belatedly asserting that Mr. Martini's testimony on portions of only 10% of the topics noticed by Defendants was insufficient under Rule 30(b)(6).  Defendants' motion should be denied and fees and costs awarded to Plaintiffs.  If any relief is to be granted, it should be limited to written targeted interrogatories and answers on these topics as previously agreed to by Defendants.

DATED this 19th day of July, 2016.

By: s/ T. Daniel Heffernan
T. Daniel Heffernan    *Pro Hac Vice*
Attorneys for Plaintiffs Starline Windows Inc.,
Starline Windows Ltd., and Vitrum Industries Ltd.
Email: dan@heffernanlawgroup.com